[No. 5110.]

[No. 2693 C. A.]

THE BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY V. BRIERLY.

1. **Public Records—Matters Disclosed—Record Considered as a Whole—Matters Deduced by Implication.**

What a record discloses may be deduced by implication, and, in determining what is shown by such a record, it must be considered as a whole, and the purpose for which a part thereof is kept may also be taken into account.—P. 101.

2. **Public Highways—County Commissioners—Establishing Roads —Record of Proceedings.**

In an action by the alleged owner of a strip of land to restrain the board of county commissioners, who claimed it as a part of the public highway, from appropriating it to such use, the evidence showed that, in 1870, a petition was presented to the board praying that the road in question be made a public highway; that the owners of the land tendered a relinquishment of the right of way; that the board accepted the petition and appointed viewers to locate the road; that the viewers located and surveyed it; that their report, together with a surveyed plat of the road, was returned to the board; that the latter caused it to be duly recorded in a record book kept for the express purpose of showing what roads had been established; but it did not expressly appear from the records that the board accepted the report of the viewers and declared the road a public highway. The law then in force (§ 11, c. 76, L. '68) required that, upon the return of the plat by the viewers, the board should consider the plat and all objections thereto, and should determine whether such road should be opened or not; but there was no provision requiring the report or plat to be recorded. Held, that the record

made by the board was equivalent to an express declaration, spread upon the journal of the proceedings, to the effect that such road was located and established as a public highway.—P. 102.

*Appeal from the District Court of Boulder County.*
*Hon. Christian A. Bennett, Judge.*

Action by John Brierly against the board of county commissioners of Boulder county. From a judgment for plaintiff, defendant appeals.

*Reversed and remanded.*

Mr. P. H. Gamble and Mr. Prince A. Hawkins, for appellant.

Mr. Junius Berkley and Messrs. Robinson & McHarg, for appellee.

Appellee, as plaintiff, brought an action against appellant, as defendant, to prevent the duly constituted authorities from appropriating a strip of land which he claimed to own, and which the defendant contended was part of the public highway, known as Road No. 17. The trial resulted in a judgment for plaintiff, from which the defendant appeals.

The record discloses that in 1870 a petition was presented to the board of county commissioners of Boulder county, praying that the road in question be established, and declared a public highway; that the parties owning land embracing the premises in controversy tendered to the board a relinquishment of a right of way over these premises; that the board accepted the petition, granted the application, and appointed viewers to view and locate the road; that the viewers located and surveyed the road, designating its course, width and distance; that their report, together with the surveyed plat of the road which exhibits that it embraces the strip in dispute, was

presented to the board; that this report, survey and plat were duly recorded in Road Book A, in Boulder county; and that this book was kept as a record for the special purpose of exhibiting the roads established by the board.

Mr. JUSTICE GABBERT delivered the opinion of the court:

On this record it was contended by counsel for plaintiff, and the trial court held, that a public highway was not established, because it did not appear that the board accepted the report of the viewers, and declared the road embraced in their report and survey a public highway. Assuming that it was essential for the record of the proceedings of the board to show that the report of the viewers was accepted, and the road in question as surveyed and designated by the viewers declared a public highway, the contention of counsel for plaintiff is not applicable to the facts. What a record discloses may be deduced by implication, and in determining what is shown by such a record it must be considered as a whole, and the purpose for which a part thereof is kept may also be taken into account. At the time of the proceedings before the board of county commissioners, in 1870, the law then in force required that upon the return of the plat of the road designated by the viewers appointed to locate the same, the board should proceed to consider such plat, and all objections which might be made thereto, and should determine whether such road should be located and opened or not.—Section 11, chap. 76, p. 566, Laws 1868. There was no provision then requiring the report of the viewers, including the plat of the road located, to be recorded; but it appears from the record before us that the board of county commissioners of

Boulder county properly required such a record to be made. This record was kept for the express purpose of showing what roads had been established. Its object was to preserve in permanent and convenient form the course, distance and width of any located road. If the report of viewers was not accepted, and the road located in accordance with their recommendation, and as designated in the survey and plat accompanying their report, the board certainly would not have caused the report and plat showing the course, distance and width of the road to be spread upon the records of their office. When such record was made, it was intended to disclose the location of a public highway; and hence, it must be inferred, nothing to the contrary appearing, that when the report of the viewers and the plat accompanying the same is found upon the records of the board of county commissioners, kept for the purpose of showing established highways, that the board directed this record to be made, and by this action determined that the road as described in the report and plat, should be located and opened as a public highway.

In short, in the circumstances of this case, the record of the report of the viewers and the plat of the road in question was equivalent to an express declaration spread upon the journal of the proceedings of the board, to the effect that this road was located and established as a public highway.

The judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.

*Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.