[No. 3576.]

## MISSOURI PACIFIC RAILWAY CO. v. ATKINSON.

1. NEGLIGENCE—*Pleading.* Where both negligence and wilful and intentional wrong are charged in the same count of the complaint, the defendant is entitled to allege contributory negligence of the plaintiff as to the allegation of simple negligence, and may prevail thereon if acquitted of wilful wrong, and of a reckless disregard of the rights of others.

2. CONTRIBUTORY NEGLIGENCE—*When a Bar.* Where the plaintiff declares for mere negligence his contributory negligence is a bar. But negligence of the plaintiff is no defense to an action for a wilful and intentional wrong, or for injuries resulting from a reckless disregard of human rights.

3. PLEADING—*Amendment—Manner of.* Where the plaintiff declares for negligence, and is permitted to amend so as to allege a wilful and intentional injury, he should be required to make such amendment by an additional cause of action, so as to afford defendant opportunity to plead contributory negligence to the charge of a negligent injury.

4. HIGHWAY—*Proceedings to Establish—Presumptions:* Where the proceeding for the establishment of a public highway is not the cause of action, but a mere incident of proof of a different cause of action, every reasonable presumption is indulged in favor of the validity of the proceeding.

5. —— *Action for Obstruction—Evidence.* Action for damages attributed to the obstruction of a public highway duly laid out and traveled. Answer, a general denial. Plaintiff is required to establish only such

facts as show that in the proceeding jurisdiction was acquired of the subject matter and the parties.

6. —— *Order Establishing—Collateral Attack.* Where, in an action for an injury attributed to the obstruction of a public highway the plaintiff produces, as a basis of recovery, the entire record of the proceedings for laying out and opening the highway, the defendant may assail it, even collaterally.

Where compliance with the preliminary requirements of the statute is once shown, the courts construe the further proceedings with liberality. A substantial compliance with the statute will be held sufficient.

But where the record of these proceedings failed to show the residence of ten free-holders, petitioners for the road, within two miles of the proposed line (Rev. Stat., sec. 5834), or the notice given by the viewers, or that the road was laid out at the place where the alleged obstruction was located, and it appeared that the route of the road was changed from that described in the petition, the record was held insufficient.

7. Trial—*Pleading and Evidence—Variance.* Where plaintiff counts for an injury attributed to the unlawful obstruction of a public road regularly laid out, mere evidence of long user by the public as licensees is not to be received.

8. —— *Case Tried by Agreement on a Theory Differing from That Presented by the Pleadings.* Where, both sides assenting, the action is tried upon a theory variant from the allegations of the complaint, and the court instructs accordingly, no amendment is required.

9. Instructions—*Withdrawing a Substantial Issue.* Where the plaintiff counts for both negligence and wilful and intentional wrong, and the defendant pleading contributory negligence gives substantial evidence to support this defense it is error to so instruct as to withdraw this defense from the jury.

Where the question of both negligence and wilful wrong are submitted, contributory negligence being pleaded, an instruction should be given clearly defining contributory negligence, and requiring the jury to find upon that issue, in case they acquit the defendant of wilful wrong or reckless disregard of the rights of others.

*Appeal from Otero District Court.* Hon. C. S. Essex, Judge.

Mr. T. H. Devine, Mr. Henry A. Dubbs, Mr. J. W. Preston, Mr. Henry C. Vidal, for appellant.

Mr. Fred A. Sabin, for appellee.

MORGAN, J.

Appellee recovered a judgment for $2,000 on the verdict of a jury against the appellant in the district court of Otero county for injuries sustained on account of driving his automobile into a barbed wire fence that was built by the appellant across what the appellee states in his complaint to be a public highway.

Fifty-six assignments of error are discussed by the appellant under four general divisions, which will be considered in the order presented.

1. Appellee was permitted to amend his complaint by inserting the words "wantonly, wilfully, recklessly and intentionally," thus making that part of it, when so amended, read as follows:

"The defendant, through its agents, servants and employes, wrongfully, wantonly, wilfully, recklessly, intentionally and negligently built, and caused to be built, an obstruction across and upon a certain public highway."

This amendment was permissible under sec. 75, Mills' Ann. Code (Code, sec. 81, Rev. Stat. 1908), as it appears from the record that notice was given and a sufficient cause shown to satisfy the discretion of the trial court, and such amendment did not necessarily state an entirely different and new cause of action. However, if such amendment be construed, as the lower court seems to have construed it, to change the cause of action so as to make it one for intentional injury, such as would prevent any defense on the ground of contributory negligence, and thus make the cause of action one based entirely upon the wilful and intentional acts of defendant, without reference to acts of pure negligence, then such amendment should be made as an additional cause of action, in order that the defendant might not be deprived of its right to plead contributory negligence as a defense

to the complaint as it stood before the amendment was made. If the plaintiff wished to stand upon his complaint as amended, then a defense of contributory negligence would be obnoxious on demurrer to it, but the plaintiff would then be required to make out his case by proof of wilful and intentional acts alone, aside from negligence pure and simple. If two separate statements were made, then the defendant could plead contributory negligence to the one relying on simple negligence, and a general denial to the one based upon wilful-and intentional acts. There may be some cases, and a case may arise where a recovery has been or may be allowed for a wilful and negligent act, wherein the rule of the "last clear chance" is not involved, as intimated in 2 Cooley on Torts, p. 1442, and in *Highland Ave. & Belt R. R. Co. v. Robbins,* 124 Ala., 113 (27 S., 422; 82 Am. St., 153), but this bridge may be in a better condition for passage when it becomes necessary to cross it.

It is sufficient to say that it was reversible error for the lower court to try the case upon both theories of the complaint, and then to take the question of contributory negligence, by its instructions, from the consideration of the jury, or fail to instruct them that contributory negligence would be a defense if they should find that the acts of the defendant were not wanton, wilful, reckless and intentional.

2. The next contention is that, as the plaintiff alleged in his complaint, "that said highway   *   *   * has for many years been a duly laid out and open public highway dedicated to and used by the public as such for the purposes of travel, that said obstruction consisted of a fence built of four barbed wires nailed to posts securely set in the ground directly and transversely across said highway from side to side;" he should prove such fact as alleged, and that he failed to do so, and therefore

the case should be reversed. He introduced all the pro-
ceedings of the board of county commissioners, and some
other evidence, in order to prove this fact, and contends
that such proof shows that the statute was substantially
complied with by the board of county commissioners in
establishing the same. In a case of this character, where
the validity of the proceedings to establish a public high-
way is an incident of proof, rather than the cause of ac-
tion involved, every reasonable presumption should be
indulged in favor of such validity.—*Chicago & Atl. Ry.
Co. v. Sutton,* 130 Ind., 405, 30 N. E., 291; *Boulder Co. v.
Brierly,* 39 Colo., 99.

Furthermore, where an action is for damages result-
ing from an obstruction of a public highway alleged to
be duly laid out and used as such, and the answer is a
general denial only, the plaintiff is required to prove only
such facts as show that the commissioners had jurisdic-
tion of the subject matter and of the parties to the pro-
ceeding; but when he introduces the entire record in
proof of such allegation in his complaint, as an instru-
ment of evidence and as a basis of recovery, the defend-
ant may attack such proof as being insufficient in the
premises, although such attack be collateral.—*Thatcher
v. Crisman,* 6 Colo. App., 49, 54; Van Fleet on Collateral
Attack, ch. 1, sec. 12 *et seq.* Nevertheless, when juris-
diction is once shown, the courts will construe further
proceedings with liberality, and a substantial compliance
with the statute in such cases will be held sufficient.—
*Howard v. Dakotah Co.,* 25 Nebr., 229, 41 N. W., 185;
*State v. Smith,* 100 N. C., 550, 6 S. E., 251; *Thatcher v.
Crisman, supra.* However, an inspection of the evidence
introduced by the plaintiff makes it very doubtful that
there was a substantial compliance with the statute, suffi-
cient to give the board of county commissioners in this
instance jurisdiction, and construing the further pro-

ceedings with the utmost liberality, the same doubt exists. Under the authorities, the evidence was insufficient, especially concerning residence of ten freeholders within two miles of the proposed road, the notice given by the viewers, the change from the route as described in the petition, and the absence of anything in the proceedings concerning the laying out of the road over the land owned by or held for the defendant, where the accident occurred. Another trial may develop further evidence, or additional grounds of recovery.

The complaint states a cause of action against the wrongful obstruction of a public highway, and the court in its instructions followed this theory of the complaint. And while the court, by its remarks at the trial, indicated that it made no difference whether it was a public highway or not, as the plaintiff could recover as a licensee, such remarks were not warranted by the allegations of the complaint, nor remembered in the instructions, and no amendment of the complaint was requested or made in compliance with such theory. All evidence admitted tending to prove long user of the road by the public as licensees should have been excluded, unless the complaint had been amended in accordance with such testimony. If the action had been tried on this theory, by counsel on both sides, and the court had so instructed the jury, it could be held that no amendment was required.

3. It is extremely doubtful if the facts of this case could ever be brought within the rule that excludes the defense of contributory negligence of the party injured, in causes based upon the wilful and intentional acts of the injuring party; however, the jury should have been instructed in plain and specific terms that they should consider the defense of contributory negligence in case they should find that the acts of the defendant were not

wilful and intentional, or in reckless disregard of the rights of others. It was not wholly for the court to say that the defendant's acts were not such as to amount to wantonness, wilfulness, or a reckless disregard of the rights of others, but an issue of fact to be settled by the jury, as well as the issues of negligence and contributory negligence.

It was not prejudicial error to try the case with both simple and wilful negligence relied upon as stated in the complaint, if the court had not practically taken from the jury all consideration of the issue of contributory negligence, and while all the members of this court are not in entire accord as to whether such consideration was wholly withdrawn from the jury, all concur in the conclusion that the defendant was entitled to a more definite and specific submission thereof.

It must be true, as discussed in the first paragraph of this opinion, that if the issue of contributory negligence be wholly withdrawn from the jury, then the plaintiff must recover wholly upon the issue of wilfulness, or wantonness, or acts showing a reckless disregard of the rights of others, and, under such issue, the question of simple negligence of defendant as an issue should be eliminated, except as it may be used in the instructions given to better understand them. But if both issues be submitted, then an instruction must be given clearly submitting and defining contributory negligence to meet the contingency, if the jury should find no wilfulness, wantonness, or reckless disregard of the rights of others.

4. Upon another trial, the testimony of the witnesses as to how long the road had been traveled and whether it was a regular public thoroughfare, and as to the taking down and reconstruction of the fence, if offered, may be confined within the issues as they may be joined, and admitted or excluded under proper instruc-

tions to the jury, and it will not be necessary to indicate in this opinion the way in which this may be done. For the reasons that the proof of the public highway was not entirely satisfactory to the view of some of my associates, and because of the failure to exclude the evidence of public user, some of which was even hearsay in character, and because some of the instructions were faulty, as hereinbefore indicated, it becomes necessary, under the law, that the judgment be reversed and the cause remanded with the direction that the pleadings may be amended and the issues made up as the parties may be advised.

*Reversed and Remanded.*