[No. 8007.]

## FIFTEENTH STREET INVESTMENT COMPANY ET AL. V. CITY AND COUNTY OF DENVER.

1. DENVER—*Public Improvements—Power of the Corporation.* The municipality must, through its proper officers, determine the necessity for a public improvement, such as the opening of a street, and the extent thereof. (194.)

2. —— *An Ordinance the Foundation of the Proceedings.* The municipality can act only by an ordinance, and a valid ordinance must be the foundation of the proceedings. (195.)

3. —— *Changes in Proposed Improvements,* can be effected only by an ordinance. Neither the commissioners appointed to assess the damages and benefits which will be occasioned to property owners, by the improvement, nor the court in which the proceeding is had, have power to change the improvement, either as to its nature or extent; nor to ascertain supposed bene-

fits or damages which will result from an improvement other or different from that defined in the ordinance. (195-197.)

Commissioners appointed under an ordinance providing for the opening of a particular street, between other streets named, reported the damages and benefits which would be occasioned by opening the proposed street through a portion of the distance set down in the ordinance. The city attorney thereupon dismissed the proceeding, so far as it related to properties beyond the limits upon which the commissioners had reported. *Held* that sec. 17 of c. 129 of the Laws of 1911, gave no power to the city attorney to so modify the proposed improvement; that as improvements of the character in question are by the constitution and charter committed to the Board of Public Works, and the City Council, to construe the statute in question as conferring upon the city attorney the authority which he had assumed, would render it unconstitutional. (197.)

The whole proceeding was declared without validity, the judgment reversed, and the court below directed to set aside the report of the commissioners and its decree based thereon. (198.)

*Error to Denver District Court.* HON. HUBERT L. SHATTUCK, Judge.

Messrs. BENEDICT & PHELPS, Messrs. HUGHES & DORSEY, Mr. E. I. THAYER, Mr. HARRY B. TEDROW, Mr. RICE W. MEANS, Mr. BERNARD J. FORD, for plaintiffs in error.

Hon. I. N. STEVENS, City Attorney, Mr. J. A. MARSH, Mr. G. A. LUXFORD, Mr. GEORGE F. DUNKLEE, Mr. EDWARD V. DUNKLEE, for defendant in error.

WHITE, J., delivered the opinion of the court.

Section 84 of the charter of the City and County of Denver declares that the Board of Public Works shall have exclusive power to lay out, open and change streets, alleys or other highways or public places, subject to approval by ordinance. And sec. 322 of such charter provides, that whenever the city council shall, by ordinance, establish and open any street, the city and county may exercise the power of eminent domain, and condemn poperty necessary in making the improvement. The section also provides that the manner of proceeding and extent of the compensation to be

paid thereunder, the assessment of special benefits and damages growing out of the construction of the improvement, the collection of such benefits and payment of such damages, "shall be as provided by general law."

Under these provisions of the charter, and while secs. 6588 to 6602, Revised Statutes of 1908, constituting the general law referred to in said section of the charter, were in force and effect, the City and County of Denver instituted proceedings to extend, open and establish a certain public street within such municipality. Thereafter and while such proceedings were pending in the District Court, the aforesaid sections of the Revised Statutes of 1908 were modified and changed by act of the General Assembly, S. L. 1911, p. 373.

A brief history of the matter, sufficient to determine the controversy now under consideration, is as follows: The City and County of Denver enacted an ordinance entitled, "An ordinance extending, opening and establishing the public street known as Broadway from the northwesterly line of Welton street to the southwesterly line of Blake street, in the City and County of Denver, and State of Colorado, and providing for the acquisition of the land necessary therefor by said city." The ordinance authorized, and provided for, the opening and extension of the public thoroughfare known as Broadway, from Welton street to Blake street. It empowered the mayor of the municipality to negotiate with owners of the lands necessary for the establishment of the improvement, and to agree, if possible, with them upon a reasonable compensation therefor, and to report his action in the premises to the city council for approval or rejection. It further provided that in case of the inability of the mayor to reach a satisfactory agreement as to the compensation to be paid such owners, or any of them, for the property so required, the city attorney should thereupon institute condemnation proceedings for the acquisition by the city of

said lands, or any part thereof, which the mayor had been unable to acquire, "as well as for the assessment of such special benefits as, in the opinion of the commissioners appointed in such proceedings, will accrue to private property by reason of such improvement, and to prosecute the same to final determination." The ordinance further provided, "that if by the final action of the court in said proceeding, it shall appear that a general benefit has been assessed against the City and County of Denver in a sum exceeding one hundred and fifteen thousand dollars ($115,-000), then in that event said proceeding shall be dismissed."

Thereafter by virtue of the aforesaid ordinance and the action of the mayor in the premises, the City and County of Denver, as petitioner, brought suit against certain parties, as respondents, for the purpose of acquiring lands needed in making the improvement as provided by said ordinance, and to have commissioners appointed to appraise the value of the several parcels of land proposed to be taken and assess the damages, if any, to remaining property, by reason of such taking. The commissioners were also required to ascertain "the value of the benefit, if any, which will accrue to the public generally by reason of the proposed improvement; and also to assess against the owners of property in the vicinity of said improvement which will be especially benefited thereby, the several amounts of such special benefits," etc.

The parcels of land sought to be taken for the purposes of the proposed improvements were specifically described and set forth in both the ordinance and petition, and were further designated therein as "Parcel No. 1," etc., to and including "Parcel No. 103." It appears that "Parcel No. 92," etc., to and including "Parcel No. 103," were the lands to be taken in making the improvement between Walnut and Blake streets, while the other parcels described were situate between Welton and Walnut streets. No other lands were

mentioned in the ordinance or the petition, except as it was alleged that "any lands in the vicinity of the improvement" should be assessed and charged with the special benefits accruing thereto by reason of the improvement.

In the course of the proceedings, but prior to the legislative act of 1911, *supra,* commissioners were appointed by the court as prayed in the petition. One year thereafter, and subsequent to the aforesaid legislative act, the commissioners filed their report, in which they named and designated the improvement they had under consideration, and upon which their acts were based, as the opening of Broadway "from Welton street to Walnut street." The language of the report of the commissioners in this regard is as follows: "The undersigned, having been heretofore appointed commissioners in the above entitled cause, and having completed our labors in that behalf, herewith report: That after our aforesaid appointment we qualified by taking the oath, as required by law in such cases; that we thereafter, together, viewed the parcels of land to be appropriated in this proceeding; that we heard testimony as to the value of the several parcels of land to be taken, and of improvements thereon, as well as to the damages to remaining property of the respondents herein by reason of such taking, and as to the benefits, both general and special, to be derived by reason of the improvement contemplated in this proceeding, to-wit: the establishment, opening and extension of Broadway from Welton street to Walnut street, in the City and County of Denver, and State of Colorado, and being fully advised in the premises, we do hereby make the following report of our awards, findings and assessments," etc.

The report makes no mention of the several parcels of land lying between Walnut and Blake streets set forth in the ordinance, and alleged in the complaint, as necessary for the city to acquire in making the improvement. It designates $601,278 as the sum necessary to pay the awards for

property taken and damaged, and $115,000 as the general benefit accruing to the city by reason of the improvement, and $486,278 as the total sum of the special benefits accruing to property in the vicinity thereof. The commissioners set forth in their report specific descriptions of the several tracts of land which in their judgment would be specially benefited by the proposed improvement, and assessed the aforesaid sum of $486,278 against the same in proportion as in their judgment each respective parcel would be especially benefited thereby, and notice was given accordingly. Thereafter the plaintiffs in error herein, and others, filed objections against the report of the commissioners as to the values found, damages sustained, assessments made, and to the validity of the proceedings generally. The city attorney subsequently dismissed the proceedings as to the "parcels" of land situate between Walnut and Blake streets which the city described in the petition as necessary to be acquired for the improvement, and, in accordance with stipulations filed in the case, caused certain reductions to be made in the assessments reported by the commissioners against the property of the objectors, except solely that of plaintiffs in error. The court thereupon modified the report of the commissioners in accordance with the aforesaid stipulations, overruled the objections of plaintiffs in error, adopted and confirmed the report of the commissioners as modified, and entered the judgment and decree involved herein.

We think it unnecessary to enter upon a detailed consideration of the numerous errors assigned and relied upon for a reversal of the judgment.

Under the law of the state and the charter provisions, the municipality, through its proper officials thereunto authorized, must determine the necessity for, and the extent of, contemplated improvements of the character of the one here under consideration, the cost of which, in part at least, is to be assessed against the property specially benefited

thereby. Moreover, the municipality itself can act in that regard only through and by the means of an ordinance. Therefore, the basis of the improvement and the foundation of the proceedings in relation thereto must be a valid ordinance which authorizes the construction of the *particular improvement*. The ordinance here involved is of that character unless it is otherwise affected by the clause purporting to limit the amount of benefits that may be assessed against the city. The ordinance limits and fixes the boundaries, character and extent of the improvement to be made. It provides that Broadway shall be extended from Welton street along a certain designated and prescribed line to Blake street, and for that purpose declares that certain described parcels of land shall be acquired by the city, through and by means of the power of eminent domain unless they be acquired by purchase. The ordinance further declares, *inter alia*, that special benefits accruing to any lands in the vicinity by virtue of the improvement shall be assessed against the lands so specially benefited thereby. It was in relation to this particular improvement that the court had power to appoint commissioners to ascertain, *inter alia*, the particular property that would be specially benefited by the improvement, and to assess such benefits against the same. Clearly commissioners so appointed are in no sense invested with the power to change the extent or the nature of the improvement, or to ascertain the benefits, if any, that would result to property by reason of the construction of any other improvement than that for which the ordinance provides. Moreover, no court possesses such power; and the attempt of the commissioners, together with the approval of the trial court of their action in the premises, to find what property would be specially benefited by the construction of an improvement, to-wit, the opening of a public thoroughfare along a certain line "from Welton street to Walnut street" and to assess the special benefits to such property

accruing therefrom, is of no validity whatever, when the power of the commissioners in that regard was to make their findings, assessments and report in relation to an improvement of similar character, but of substantially greater dimensions or extent. The commissioners, in the case at bar, instead of taking action upon the improvement authorized and required by the ordinance and sought by the petition, to-wit, the extension of Broadway along a pre- scribed line from "the northwesterly line of Welton street to the southwesterly line of Blake street," departed from their duty, and did a useless thing. For without authority, and in excess of their power in the premises, they made findings as to property that would be benefited, and placed assessments against the same, for an improvement not authorized by any ordinance, to-wit, the opening of Broad- way "from Welton street to Walnut street." In other words, instead of making findings by reason of the extension of Broadway the full distance required by the ordinance, they made findings and assessments in relation to benefits that would accrue to property by reason of the extension of Broadway for only a portion of such distance. In doing this they neither complied with the petition under which the court acted in appointing them, nor with the ordinance forming the basis of that proceeding. The improvement which the commissioners made the basis of their action dif- fered substantially from the improvement which the city had authorized and commanded should be made. Their action in the premises was without authority and is, there- fore, invalid.

There is no claim that the misidentification of the improvement by the commissioners in their report was the result of typographical error. On the contrary, it is clear that the intent was to eliminate one entire city block from the northwesterly end of the proposed improvement; and the claim is that this was accomplished when the city attor-

ney thereafter, under the provisions of sec. 17 of the legislative act of 1911, *supra,* withdrew the proceedings and dismissed the same as to the defendant owners, and parcels of land sought to be taken by the proceedings situate along the line of the proposed improvement within the block in question. We think the authority conferred upon the city attorney by that section does not invest him with such power. He cannot validate the acts of the commissioners in the premises. To hold that the language of the law confers such power would render the section unconstitutional and void. The making of improvements of the character here involved is a municipal function which by the constitution and the city charter is invested in the board of public works and city council, to be authorized and provided for by ordinance. We can not give judicial assent to the doctrine, that commissioners appointed in the proceedings herein, together with the city attorney, with or without the sanction of the court, possess the power and discretion to modify or change the proposed public improvement authorized by an ordinance of the municipality. To authorize such change the municipality must act by means of a new ordinance, or, at least, an amendment of the ordinance in question. However, as it is clear that reassessments may be made, by newly appointed commissioners acting in relation to the particular improvement authorized by the ordinance, we deem it necessary to consider another feature of the matter that may disclose the futility of other proceedings in the premises. The ordinance declares that if by final action of the court it shall appear that a general benefit has been assessed against the city and county of Denver exceeding a designated sum, the proceedings shall thereupon be dismissed. Plaintiffs in error contend that this clause is inseparably connected with the body of the ordinance and renders the measure invalid. Whether that be true, we deem unnecessary to now determine. There has been no valid report of

commissioners based upon the improvement contemplated, and there is no certainty that the municipality will proceed with the proposed improvement. On the contrary, its purpose to withdraw therefrom is evidenced from its action as disclosed in *Rifken v. Arnold,* decided at this term. Moreover, it is certain that the aforesaid restrictive clause in the ordinance would automatically stop the proceedings should it at any time be ascertained that the making of the improvement necessitates the assessment of a general benefit against the city in excess of the designated sum. It constitutes, in substantial effect, a specific written declaration from the municipality to the court to go no further in the premises, but to dismiss the cause of action. While it is doubtless true that the municipality might reconsider its purpose in that respect, and determine to proceed with the improvement regardless of the cost to the city, the implied authority of the city attorney in continuing the proceedings was insufficient for that purpose, and did not overcome the specific written declaration of the petitioner.

The judgment is, therefore, reversed and the cause remanded with directions to set aside the report of the commissioners and the decree based thereon.

*Judgment reversed.*

Decision *en banc.*