[No. 8359.]

## WHITE ET AL. V. TOWN OF ARVADA.

1. HIGHWAYS—*Proceedings to Establish.* Proceedings for laying out a public highway where the land is all to be given therefor must substantially conform to the statute. (Rev. Stat. sec. 5850.) The petition must be subscribed by all the owners of all the lands through which the road is to be laid. (348, 349.)

The signature of each land owner is conditioned upon the signatures of all the others; therefore, even if the signature of only one land owner is wanting, the board is without authority to act. (349.)

2. ESTOPPEL—*By Conduct.* Plaintiffs had subscribed a petition for a public highway through their lands, 60 feet in width. The petition, though not in compliance with the statute, was granted, but the road was fenced by the county to the width of only fifty feet, and for twenty-two years, or thereabouts, was recognized by the county and the public as of that width only, the plaintiffs and their predecessors in interest always occupying up to the line of the fence erected by the county, cultivating, erecting buildings, and planting trees. A municipal corporation, including within its area the lands in question was afterwards established. The land owners, with the acquiescence of the authorities of the town, had laid sidewalks in front of their land, conforming in all things to the ordinances of the town, and with

reference to the county fence as the boundary of the street. *Held* they were not estopped to restrain an attempt by the town to remove these walks, and require them to lay other walks, upon the lands lying within the fence. *Denver Company v. Middaugh,* 12 Colo. 434, distinguished. (350.)

3. *County Surveyor—Survey of Road—Effect.* The county surveyor's survey, and his report as to the width thereof, accepted by the county commissioners, has not the effect to extend the road so as to include within it lands always theretofore claimed, occupied and enjoyed as private property. (350.)

*Error to Jefferson District Court.* Hon. H. S. CLASS, Judge.

Messrs. DAVIS, WHITNEY & MOTHERSILL, for plaintiffs in error.

Mr. GEORGE B. CAMPBELL, for defendant in error.

HILL, J., delivered the opinion of the court.

The plaintiffs in error, with lands abutting upon the south side of Ralston Avenue in the Town of Arvada, a municipal corporation, brought this suit to restrain the town from removing the cement sidewalk which they had built in front of their respective properties, more than a year before; also, to restrain the town from building, or requiring plaintiffs to build, other or new sidewalks some distance south of the present walks, where it is alleged they would be on lands owned by the plaintiffs. A demurrer was sustained to a part of the plaintiffs' replication. Thereafter, a motion for judgment on the pleadings in favor of the defendant town was sustained, and the action dismissed. The parties will be referred to as in the court below.

The plaintiff's complaint and the material allegations in their replication, to which a demurrer was sustained, and which require the application of the law thereto, disclose that in April, 1891 (which was prior to the incorporation of the defendant town), in pursuance of the provisions of section 5850, R. S., 1908, a petition was filed with the board of county commissioners of Jefferson County, praying for the laying out and opening of a county road between two and

three miles in length in sections 10, 11 and 12, Twp. 3 S., R. 69 W., as in the petition described to be sixty feet in width, etc.; that this proposed road is along the line adjacent to the property of the plaintiffs, now in dispute; that the petition was signed by some of them, and by the predecessors in interest of the others; that it was not signed in any manner by six of the owners of lands through which the road was to be laid out; that the names of five owners were not signed by them, but by parties who claim to represent them; that the county commissioners acted favorably on the petition, and in pursuance of the authority given them by the above sections, passed a resolution declaring a county road along the line as stated in the petition, with the exception of a strip thirty feet wide across forty acres owned by a Mrs. Farmer, which was specifically omitted by the resolution; that as to this quarter the resolution states, "The right of way being granted for said road by all the owners of the lands over which said road is sought to be located with the exception of Mrs. Farmer, the owner of N. W. ¼ of S. E. ¼ Sec. 11, Twp. 3 S. R. 69 W. The said road is hereby located with the exception of the 30 feet in width on said Farmer land, and the same is hereby established and declared a County Road, under the provisions of the Statutes," etc.; that the resolution also awarded a contract to one R. G. Green for fencing the road; that shortly after the passage of the resolution, Green fenced a road fifty feet wide along the line described in the petition, but commenced eighty rods east of the point where the road was to begin; that the fence along the south side of the road as then constructed marks the alleged boundary line involved in this case; that the fence was paid for by the county; that since the road was actually opened and fenced in 1891 by Green, it has been fifty feet wide and no more, except as above stated; that plaintiffs and their grantors have always occupied, used and improved their lands up to the fence erected by Green; that the public has never used or claimed any land for a road

or street except that included within the fences erected by Green; that at all times since, it has been cared for, repaired, maintained and used by the county, and since its incorporation in 1904, by the town, within the fifty foot space between the fences, and has thus been recognized, used, and treated as the boundary by the municipal authorities having charge of it, by the public, and by the plaintiffs and their grantors, and that the plaintiffs and their grantors have, during said period of more than twenty-two years, erected houses, planted trees, built cement sidewalks and otherwise improved their respective properties abutting upon said road, relying upon and with reference to, the boundaries of the road as so marked and defined by the fences theretofore erected under the authority of the board of county commissioners; that the board of county commissioners of Jefferson County has never attempted to change the boundaries of the road as so marked and defined; that since its incorporation, the Town of Arvada never attempted to change said boundaries until a short time before the commencement of this action, when it attempted to widen the road to sixty feet; that more than a year before the commencement of this action, certain of the plaintiffs built cement sidewalks in front of their premises adjacent thereto, which walks were, as to width and material, in accordance with ordinance of the town theretofore adopted, and were located with reference to the boundary line of the street, in accordance with such ordinance, using the fence erected by Green as the boundary line; that these sidewalks were put in with the knowledge and acquiescence of the town authorities; that at the time the town put in crosswalks across streets intersecting the plaintiffs' walks, and in line with the walks which plaintiffs had constructed.

In arriving at its conclusion, the court seems to have proceeded upon the theory that the original petition for the sixty foot road was sufficient in form to justify the action of the board of county commissioners, and that its sufficiency

in other respects was for them to determine, and that it would not be gone into by the courts many years thereafter. This petition was under a statute permitting county commissioners to declare certain lands a highway when signed by all of the owners of all the lands to be taken for the road. The difficulty is not with the court's line of reasoning, but in its application to the facts, which places it outside of the cases to which the learned jurist refers. The resolution of the board, which attempts to declare and lay out this highway, expressly recognizes the fact that the petition was not signed by all the owners of all the lands to be included in the road. Also, it did not purport to grant the petition prayed for, but only a part of it, excepting therefrom a strip thirty feet in width for a quarter of a mile in length. It also discloses on its face that it was not signed by five of the owners of the lands to be taken, but that others had signed for them, and with nothing to show they were possessed with this authority.

Section 5850, R. S., 1908, reads:

"Whenever a petition shall be presented to the board of county commissioners of any county of this state praying for a public highway, and the names of all the owners of all the land through which said road is to be laid out, shall be signed by the owners thereof to said petition, giving the right of way through the lands, and accompanied by a plat of the road, it shall be the duty of the board of county commissioners, if in their opinion the public good requires it, to declare the same a public highway, and thereupon the plat shall be filed and recorded and the said road shall become a public highway from and after that date."

Eliminating the question that six owners never signed the petition at all, and no one for them, the record of the board still discloses that this section was not complied with, for which reason they were without authority under the provisions of this section to attempt the laying out and opening of a part of the highway. There are many reasons for this.

The proceedings are purely statutory, and must be substantially complied with. The statute says whenever the names of all the owners of all the lands shall be signed by the owners thereof to said petition giving the right of way, etc. Eliminating the question of the names of those signed by others, still this was not done, and the resolution so states. If they can act without one, as their record shows they attempted, then they could act without others. There would be no dividing line. The section also says "it shall be the duty of the board * * * to declare the same a public highway," etc. This, they did not do, but declared only a part of it to be such. This, the statute does not authorize. Eliminating the allegations that the names of six landowners were never signed at all, and assuming, *arguendo*, that per the lapse of a long period of time, courts will not inquire into that question, especially upon behalf of those who have signed the petition,—their record still discloses that the board was without authority under this petition to do what it attempted. *Thatcher v. Crisman*, 6 Colo. App. 49, 39, Pac. 887; *Fifteenth Street Inv. Co. v. City & County of Denver*, 59 Colo. 189, 147 Pac. 677.

In *Denver City Irrigation & Water Co. v. Middaugh*, 12 Colo. 434, it is held that a party accepting and obtaining the fruits of a void judgment is estopped from assailing the judgment itself. The defendant claims the rule is applicable here. The pleadings disclose that a part of the plaintiffs, together with the predecessors in interest of the others, along with the public generally, have accepted and enjoyed the fruits of a public highway fifty feet in width with the exception of a fourth of a mile, which was thus fenced, improved and recognized by the county, until the incorporation of the town, and thereafter by it, a total period of twenty-two years. Were there any contention over this fifty feet as covered by the fence, we think the court's reasoning would be sound and that the rule of estoppel would be applicable, but the allegations of the plaintiffs are, that none of the

petitioners or their predecessors in interest have ever recognized any right of the county or town to a highway, or lands for a highway, beyond the line of the fence constructed by authority of the county. The signing of the petition by a landowner agreeing to give the right of way over his land under this section is not an absolute grant, but is conditional, one of the conditions being that the other owners of all the lands to be taken for the road do likewise; they cannot all sign at once; one must sign first. Other conditions are, that if, in the opinion of the board, the public requires it, then they declare the same a public highway, and the plat be filed, etc. The board's records disclose that all the other owners did not sign the petition, and the board did not declare it a public highway as prayed, but only a part of it, for which reasons, the cases cited upon the question of estoppel applicable to county roads are not in point, when applied to the lands never claimed or taken for that purpose, during the twenty-two years following the passage of the resolution. Had the petition been signed by all the landowners, and the board granted it as prayed, then, eliminating the question of time, and no acquiescence or recognition in a sixty foot road and the fencing, constructing and acquiescing in a fifty foot road, the reasoning, in our opinion in *Montezuma Valley Irrigation District v. Longenbaugh,* 54 Colo. 391, 131 Pac. 262, would apply; but it has no application to the facts here. There are cases which hold that where a road has been regularly laid out that a part of it may become lost and revert to the adjacent landowners by acquiescence, abandoment, etc. Abbott on Municipal Corporations, Vol. 2, §824; Dillon on Municipal Corporations, Vol. 2 (4th ed.), §674; *Weber v. Iowa City,* 119 Iowa 633, 93 N. W. 637; *Davies v. Huebner,* 45 Iowa 575; *Coleman v. Flint & P. M. R. Co.,* 64 Mich. 160, 31 N. W. 47.

It is unnecessary to consider that question, or the statute of limitations involved in this line of decisions, concerning which there is a conflict of authority. The plain-

tiffs' claim to this land is not based exclusively upon an easement, prescription, and adverse possession; they also claim as absolute owners in fee to lands which they have never conveyed to any one, by any instrument which has ever become effective, and which they and their predecessors in interest, or some of them have always had possession of, and thus openly exercised through a claim of title in fee, and to which lands they claim the municipality has not acquired any right by any easement, prescription, or adverse possession or otherwise. In such case, they were under no obligations to do anything further until their alleged right to it was in some manner attacked. *Munson v. Marks,* 52 Colo. 553, 124 Pac. 187. If the allegations of their complaint and replication in this respect are true, we are of opinion that the municipality has nothing to support its claim that there ever was, or is, other than a fifty foot highway along the lands of the plaintiffs involved in this action, as evidenced by the original fence, and thus acquiesced in by all parties during the past twenty-two years.

We are not unmindful of the defendant's allegation that in November, 1899, the board of county commissioners authorized the county surveyor to survey this road, and that he did so and defined it as sixty feet wide, and filed a report to that effect with the county commissioners, which was duly adopted. This was put in issue by the defendant, which, if material, like other allegations, prohibited a judgment on the pleadings; but if the allegations of the plaintiffs' complaint and replication are true, we cannot appreciate wherein a survey of a sixty foot line by the county surveyor, and his report to the board of what he did, etc., not followed by any act of possession or opening as a road, could defeat the plaintiffs' cause of action. *Gentleman v. Saule,* 32 Ill. 271, 83 Am. Dec. 264.

We deem it unnecessary, at this time to go into the question of the construction of sidewalks by authority of the city, its acquiescence in this respect and whether, if it is

right, as to its being a sixty foot road, upon account of the sidewalk allegations, etc., it might be enjoined or the plaintiffs relegated to an action at law for damages; or whether liable at all, for the reason that if the plaintiffs can prove the allegations of their complaint and replication concerning the highway proper, the other questions become immaterial. The demurrer should have been overruled and the motion for judgment on the pleadings denied.

The judgment is reversed and the cause remanded for further proceedings as the parties may be advised not inconsistent with the views herein expressed.

*Reversed.*

GABBERT, C. J., and TELLER, J., concur.